1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) 1:08-cv-00070 AWI GSA |
| | ) |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATIONS |
| | ) REGARDING PLAINTIFF'S *EX PARTE* |
| v. | ) APPLICATION FOR DEFAULT JUDGMENT |
| | ) (Document 15) |
| 2004 NISSAN ARMADA, LICENSE | ) |
| NUMBER 5GRZ318, | ) |
| VIN: 5N1AA08B94N712700, | ) |
| | ) |
| Defendant. | ) |
| | ) |

In this civil forfeiture action, plaintiff United States of America ("Government") seeks:

1.   Default judgment against the interests of Tomas Revuelta in a 2004 Nissan Armada, License Number 5GRZ318, VIN: 5N1AA08B94N712700 ("defendant vehicle"); and

2.   Entry of a final forfeiture judgment to vest in the Government all right, title and interest in the defendant vehicle.

No timely papers were filed to oppose the Government's application for default and final forfeiture judgment.  The Court considered the Government's application for default judgment on the record and without oral argument.   Local Rule 78-230(h).

///

///

///

## FACTUAL AND PROCEDURAL BACKGROUND[1]

### Seizure of Defendant Vehicle

In or around September 2005, agents with the California Bureau of Narcotic Enforcement ("BNE") and Drug Enforcement Administration ("DEA") initiated an investigation concerning the methamphetamine and marijuana sales, cultivation, and distribution activities of Juan Romero (hereafter "Romero").  During the course of this investigation, agents learned that Tomas Revuelta (hereafter "Revuelta") was the "boss" of Romero and that Revuelta cultivated marijuana in the Sierra National Forest.  Thereafter, agents intercepted numerous pertinent conversations between Revuelta and Romero, wherein they discussed the seizure of six marijuana gardens which took place on September 12 and 13, 2005, in the Sierra National Forest.

On October 18, 2005, agents followed a Confidential Source (hereafter "CS") from the Sierra National Forest where the CS picked up a marijuana garden worker for Revuelta and Romero.  Agents followed the CS to a Chevron gas station in Ceres, California, where agents observed Revuelta arrive in the defendant vehicle.  Revuelta then led a caravan in the defendant vehicle to deliver marijuana to his residence.  Agents followed the CS' vehicle, which was following the defendant vehicle driven by Revuelta, from the Chevron station to Revuelta's residence located at 836 Cathedral Lane in Ceres, California.  Agents observed the garden worker, the CS and Revuelta unload items from the CS' vehicle into Revuelta's residence.  After the CS left Revuelta's residence, the CS was debriefed and stated that s/he, the marijuana garden worker and Revuelta had unloaded approximately 30 four-foot marijuana plants and a rifle from the CS' vehicle.

On October 19, 2005, Revuelta provided the CS with approximately 88 grams of marijuana for his/her work in the marijuana gardens, which was subsequently given to the law enforcement agents.

///

///

///

---

[1] The below factual recitation is based on the Government's papers and record before this Court.

## Execution of Search Warrant at 836 Cathedral Lane

On April 6, 2006, agents executed a federal search warrant at Revuelta's residence located at 836 Cathedral Lane in Ceres, California.[2]  Agents located 27.1 grams of marijuana seeds on top of the bureau in the master bedroom of the residence.  Agents also located 115.6 grams of marijuana seeds and an electronic scale on top of a cabinet in the garage.  In a cabinet in the dining room, agents located one certificate of title for the defendant vehicle, one certificate of title for a 2007 Aztec and one certificate of title for a 1998 Suzuki.  The agents also located paperwork, including Revuelta's tax return documents for the years 2001 through 2005.  According to the tax returns, Revuelta averaged $10,033.00 during those four years.

Escrow records indicate that in July 2005, Revuelta purchased the 836 Cathedral Lane property for $345,000.00.  Revuelta obtained a first mortgage on the residence with a monthly payment of $1,564.00 and a second mortgage with a monthly payment of $605.00; neither of these monthly payments included property taxes or insurance.  From September 2005 to December 2005, the payments totaled $8,676.00.  The down payment on this property combined with the monthly payments totaled $14,058.00, which is $2,172.00 more than Revuelta's total reported income for 2005 of $11,886.00.  The Employment Development Department ("EDD") has no record of employment for Revuelta since March of 2005.  Based on income tax records and escrow documents, Revuelta would be unable to afford this lifestyle without an additional unknown source of income.

On August 24, 2006, a Grand Jury in the Eastern District of California indicted Juan Romero, Tomas Revuelta and others with violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 846-Conspiracy to Manufacture, Distribute, and to Possess with Intent to Distribute Marijuana, and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846-Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances, among other related charges.  On August 26, 2006, the defendant vehicle was indicted in the criminal case of *United States v. Juan Romero, et al*., 1:06-CR-00158 OWW pursuant to 21 U.S.C. § 853(a).  On June 26, 2007, the Court issued a

---

[2]The Government indicates that the address in Ceres, California also is listed in Modesto, California, and describes the same location.

Bench Warrant as to Tomas Revuelta, who is currently a fugitive, in the pending criminal action. On January 18, 2008, the Government filed the instant civil complaint. It appears that the Government has elected to pursue forfeiture proceedings against the *res* as the criminal case cannot proceed due to Revuelta's fugitive status.

### The Government's Claims

On January 14, 2008, the Government filed its verified complaint for forfeiture in rem ("complaint") in this action. On January 18, 2008, the Government filed its First Amended Complaint to claim that the defendant vehicle is subject to forfeiture to the Government under 21 U.S.C. §§ 881(a)(4) and 881(a)(6) in that the defendant vehicle constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq.* and the defendant vehicle constitutes a conveyance used or intended to be used to transport, or in any matter to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance in violation of 21 U.S.C. § 841 *et seq.* (Doc. 3). On January 18, 2008, this Court issued a warrant for arrest in rem ("arrest warrant") for the defendant vehicle. (Doc. 4). The arrest warrant was executed on February 6, 2008. (Docs. 7 and 8).

### Notice Of Forfeiture Action

The Court issued its January 25, 2008 order for publication ("publication order") for the Government to provide public notice of this action and arrest of the defendant vehicle by publication in *The Modesto Bee* (Stanislaus County). (Doc. 6). Such notice appeared in *The Modesto Bee* on February 22, 2008, and the Government filed proof of such publication on March 17, 2008. (Doc. 10).

On February 6, 2008, the United States Marshals Service attempted to personally serve Revuelta with copies of the amended verified complaint, arrest warrant, publication order and other papers related to this action at his last known residence address. The United States Marshals Service reported: "THIS SUBJECT HAS BEEN A FUGITIVE SINCE JUNE 2007. ATTEMPTS TO LOCATE HIM OR CONTACT FAMILY AT THE 836 CATHEDRAL LN-

1  MODESTO (VACANT) AND OTHER FORMER ADDRESSES HAVE BEEN WITHOUT

2  SUCCESS." (Doc. 9).

3      The Government also declares that, on or about January 30, 2008, copies of the above-

4  referenced documents were sent to Revuelta at his last known address by standard mail and

5  certified mail.  (Declaration of Autumn Magee in Support of Request to Clerk for Entry of

6  Default Against Tomas Revuelta, at ¶ 6 and Exhibit A; Doc. 12-2).  Additionally, on July 23,

7  2008, the United States reportedly sent copies of these documents to Preciliano Martinez,

8  attorney of record for Revuelta in the pending criminal matter, via standard mail and certified

9  mail.  The Government received the signed return receipt dated July 24, 2008.  (*Ex Parte*

10  Application for Default Judgment, at p.3; Doc. 15).

11  **Default Entries**

12      At the Government's request, this Court's clerk entered default in this action as to Tomas

13  Revuelta on April 28, 2008.  (Docs. 12 and 13).

14  **ANALYSIS & DISCUSSION**

15  **Complaint's Sufficiency**

16      The Government contends that its complaint's allegations and the facts cited "provide

17  ample grounds" for the defendant vehicle's forfeiture.  A complaint's sufficiency is a factor to

18  consider when deciding whether to grant default judgment.  *Eitel v. McCool*, 782 F.2d 1470,

19  1471-1472 (9th Cir. 1986).  In its moving papers, the Government asserts that the amended

20  verified complaint alleges that the defendant vehicle constitutes a conveyance used or intended to

21  be used to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or

22  concealment of a controlled substance.  The Government contends that the facts alleged in the

23  complaint establish that the defendant vehicle facilitated the transportation of narcotics for sale

24  and is subject to forfeiture.

25      In addition, the Government alleges that the defendant vehicle constitutes moneys or

26  other things of value furnished or intended to be furnished by any persons in exchange for a

27  controlled substance, all proceeds traceable to such an exchange and/or were used or intended to

28  be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq.*  The Government further

contends that the facts as alleged in the amended verified complaint establish the defendant vehicle to be proceeds of narcotics transactions as Revuelta did not have sufficient legitimate income to purchase it.

The amended verified complaint meets the requirements of Supplemental Rule G.  It is verified, states the grounds for subject matter jurisdiction, *in rem* jurisdiction, and venue, describes the property seized and the circumstances surrounding the seizure and identifies the relevant statutes.  *See* Amended Verified Complaint for Forfeiture *In Rem* (Doc. 3).  In the absence of assertion of interests in the defendant vehicle, this Court is not in a position to question the facts supporting the forfeiture. *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)* ("Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true."); *TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-918 (9th Cir. 1987)*.  The facts as alleged provide a sufficient connection between the defendant vehicle and funds and illegal drug activity to support the forfeiture.

### Notice Requirements

The Government contends that it provided required notice for the defendant vehicle's forfeiture.  The Fifth Amendment's Due Process Clause prohibits the Government to deprive property without "due process of law."  Individuals whose property interests are at stake are entitled to "notice and an opportunity to be heard." *United States v. James Daniel Good Real Property, 510 U.S. 43, 48, 114 S.Ct. 492 (1993)*.

1.      Notice by Publication

Judicial property forfeitures are governed by the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules").  Supplemental Rule G(4) sets forth the rules for publication of the notice of action in federal forfeiture proceedings.  Generally, Rule G(4)(a)(iii)(A) requires that published notice must appear once a week for three consecutive weeks.  However, the rule provides an exception requiring publication only once if, before the action was filed, notice of nonjudicial forfeiture of the same property was published in a newspaper of general circulation for three consecutive weeks in the district where the property was seized.  Supplemental Rules G(4)(a)(iii)(B) and

G(4)(a)(iv).  In this case, notice of the administrative forfeiture against the defendant vehicle was published in the *Wall Street Journal* by the Drug Enforcement Administration on June 12, 19 and 26, 2006. (*See* Doc. 12-2;  Declaration of Autumn Magee in Support of Request to Clerk for Entry of Default Against Tomas Revuelta, at ¶ 10.)  Accordingly, the Government was required to publish notice of the action only once pursuant to the Supplemental Rules.

This Court's Local Admiralty and In Rem Rules echo Supplemental Rule G(4)'s notice of forfeiture action by court-ordered publication in a newspaper of general circulation in the district where the action is filed.  *See* Local Rule A-530 (incorporating Local Rule 83-171 by which court is to designate appropriate newspaper and manner of publication).  The Government accomplished such notice with the publication order, publishing notice of this action and the arrest of the defendant vehicle in *The Modesto Bee* on February 22, 2008.

2.      Personal Notice

When the Government knows of an owner of defendant property, the owner has a constitutional right of due process to require "the Government to make a greater effort to give him notice than otherwise would be mandated by [publication]."  *United States v. Real Property, 135 F.3d 1312, 1315 (9th Cir. 1998)*.  For such persons, the Government must attempt to provide actual notice by means "'reasonably calculated under all circumstances' to apprise [the person] of the pendency of the cash forfeiture[.]"  *Dusenbery v. United States, 534 U.S. 161, 168, 122 S.Ct. 694 (2002)*.  The Government must provide such notice "as one desirous of actually informing the absentee might reasonably adopt to accomplish it."  *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 315, 70 S.Ct. 652 (1950)*.  "Reasonable notice, however, requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice."  *Mesa Valderrama v. United States, 417 F.3d 1189, 1197 (11th Cir. 2005)*.

Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be "sent by means reasonably calculated to reach the potential claimant."  Additionally, this Court's Local Rule A-540 addresses notice to persons known to have an interest in property subject to forfeiture.  The rule requires that a party seeking default judgment in an action in rem to show to

1    the Court's satisfaction that due notice and arrest of the property has been given by: (1)

2    publication; (2) by personal service on the person having custody of the property; (3) if the

3    property is in the hands of a law enforcement officer, by personal service on the person having

4    custody prior to its possession by law enforcement agency or officer; and (4) by personal service

5    or certified mail, return receipt requested, to every other person who has not appeared in the

6    action and is known to have an interest in the property; provided that failure to give actual notice

7    to such other person may be excused upon a satisfactory showing of diligent efforts to give such

8    notice without success.  Local Rule A-540(a).

9          Notwithstanding the Supplemental Rules and Local Rule A-540(a), the Government

10   provides sufficient notice if such notice complies with Federal Rule of Civil Procedure 4

11   requirements.  *See* Fed.R.Civ.P. 4(n)(1) (when a federal statute authorizes forfeiture, "[n]otice to

12   claimants of the property shall then be sent in the manner provided by statute or by service of a

13   summons under this rule").  The Federal Rules of Civil Procedure provide that service may be

14   effected "in any judicial district of the United States pursuant to the law of the state in which the

15   district court is located."  Fed. R. Civ. P. 4(e)(1)

16         Here, the Government gave notice by publication and also attempted to personally serve

17   Revuelta with the amended verified complaint, arrest warrant, publication order and other papers

18   regarding this action.  The Government also mailed the documents to Revuelta's last known

19   address.  Supplemental Rule G(4) permits direct notice to be sent to the last address of a person

20   from whom the property was seized and who is not incarcerated. The Government did not

21   complete personal service or substituted service.  The Ninth Circuit follows the rule in civil

22   forfeiture actions that "[w]hen the government can reasonably ascertain the name and address of

23   an interested party ... due process requires that the government send '[n]otice by mail or other

24   means to ensure actual notice.'  Due process does not require, however, that the interested party

25   actually receive notice." *Real Property*, 135 F.3d at 1316 (citations omitted).  Further, the

26   Government provided notice to Revuelta's attorney in the criminal matter.  Supplemental Rule

27   G(4)(b)(iii)(B) permits notice to be sent to the attorney representing the potential claimant in a

28   related criminal case.

1

**Failure To Answer**

2     The Government contends that this Court's clerk properly entered default against

3 Revuelta.  Supplemental Rule G(5) addresses responsive pleadings in civil forfeiture actions such

4 as this and requires a person who asserts an interest in or right against the subject property to file

5 a claim in this court within 35 days after the date of service of the Government's complaint or 30

6 days after final publication of newspaper notice.  Supplemental Rules G(4)(b) and G(5).  Failure

7 to comply with procedural requirements for opposing the forfeiture precludes a person from

8 establishing standing as a party to a forfeiture action.  *Real Property*, 135 F.3d at 1317.

9     As outlined above, the Government attempted to personally serve Revuelta with copies of

10 the amended complaint, arrest warrant, publication order and other papers related to this action

11 on February 6, 2008.  The Government also sent copies of the documents by standard and

12 certified mail to Revuelta on January 30, 2008.  The Government also sent copies of these

13 documents to Revuelta's legal counsel on July 23, 2008, which were received on July 24, 2008.

14     Publication notice was completed on February 22, 2008, and the Government filed proof

15 of such publication notice on March 17, 2008.  More than 30 days have passed since completion

16 of publication notice and more than 35 days have passed since attempted service of the complaint

17 on Revuelta.  This Court's clerk properly entered default upon failure of the potential claimant to

18 respond to the Government's complaint and notices.  The Court also notes that more than 30

19 days have passed since Revuelta's legal counsel received notice of the pending forfeiture action.

20

**Default Judgment**

21     The Government seeks judgment against the interests of Revuelta and final forfeiture

22 judgment to vest in the Government all right, title and interest in the defendant vehicle.  The

23 Supplemental Rules do not provide a procedure to seek default judgment in an action *in rem.*

24 Supplemental Rule A provides: "The Federal Rules of Civil Procedure also apply to the

25 foregoing proceedings except to the extent that they are inconsistent with these Supplemental

26 Rules."

27

28

Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default judgment.  Federal Rule of Civil Procedure 55(a) governs entry of default: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Generally, the default entered by the clerk establishes a defendant's liability.

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." (citations omitted). *Geddes v. United Financial Group,* 559 F.2d 557, 560 (9th Cir. 1977).

*TeleVideo Systems,* 826 F.2d at 917-918.

As noted above, the Government properly obtained default entry against the interests of Revuelta.  There is no impediment to default judgment sought by the Government as to him.  The Government properly seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the Government all right, title and interest in the defendant currency.  "A judgment in rem affects the interests of all persons in designated property. . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons." *Hanson v. Denckla*, 357 U.S. 235, 246, n. 12, 78 S.Ct. 1228 (1958).

In light of the default, a final forfeiture judgment is in order for the Government.

## RECOMMENDATIONS

Based on the foregoing, the Court HEREBY RECOMMENDS to:

1. GRANT Plaintiff United States of America's *ex parte* application for default judgment against the interests of Tomas Revuelta in the defendant vehicle, a 2004 Nissan Armada, License Number 5GRZ318, VIN: 5N1AA08B94N712700;

2. ENTER final forfeiture judgment to vest in plaintiff United States of America all right, title and interest in the defendant vehicle; and

3. ORDER Plaintiff United States of America, within 10 days of service of an order adopting the findings and recommendations, to submit a proposed default and final

1  forfeiture judgment consistent with the findings and recommendations and order

2  adopting them.

3        These findings and recommendations are submitted to the district judge assigned to this

4  action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  Within fifteen (15)

5  court days of service of this recommendation, any party may file written objections to these findings

6  and recommendations with the Court and serve a copy on all parties.  Such a document should be

7  captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge

8  will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §

9  636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

10  waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.  1991).

11

12        IT IS SO ORDERED.

13  **Dated:    November 24, 2008**            **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11